# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Renelda James-Mason,** 53 Eastpointe Ridge Dr., Apt. 22 Columbus, OH 43213 | |
| | Case No. 2:22-cv-02670 |
| Plaintiff, | |
| | JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| **Allegheny West Conference Corporation of Seventh-Day Adventists** c/o Registered Agent: 1080 Kingsmill Parkway Columbus, Ohio 43229 | **Jury Demand Endorsed Hereon** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff Renelda James-Mason ("Plaintiff") and proffers this Complaint for damages against Defendant Allegheny West Conference Corporation of Seventh-Day Adventists ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), and the Ohio Prompt Pay Act, R.C. Chapter 4113.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Renelda James-Mason is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the FLSA and Ohio law.

7. Defendant Allegheny West Conference Corporation of Seventh-Day Adventists, is an not-for-profit corporation registered to do business in Ohio.

8. Defendant operates several churches and affiliated schools/academies with a principal office located at 1080 Kingsmill Parkway, Columbus, Ohio 43229 in Franklin County, Ohio.

9. At all times relevant herein, Defendant was a "covered employer" as defined in the FLSA and OMFWSA.

10. At all times relevant herein, upon information and belief, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.

## FACTUAL BACKGROUND

11. Plaintiff began working for Defendant in or around April 2006.

12. At all times relevant herein, Plaintiff worked as a secretary at the school.

13. Plaintiff's primary duties included record keeping, making reports, and maintaining relevant paperwork and records.

14. At all times relevant herein, Plaintiff was a full-time employee.

15. During the three years prior to filing this Complaint, Plaintiff often worked over forty hours per week.

16. At all times relevant herein, Plaintiff was paid on an hourly basis.

17. Plaintiff was never paid an overtime rate for hours worked in excess of forty hours per week.

18. Plaintiff was only paid straight time for hours worked over 40 in a workweek.

19. Plaintiff's employment ended the end of August 2021.

## COUNT I

### (FLSA - Failure to Pay Overtime)

20. All of the preceding paragraphs are realleged as if fully rewritten herein.

21. Plaintiff has been an employee of Defendant within the previous three years of the filing of this Complaint.

22. Plaintiff is not exempt from the overtime requirements of the FLSA.

23. Plaintiff is not paid an overtime premium for all hours worked in excess of 40 in a workweek at her regular rate of pay.

24. Defendant is aware that Plaintiff works more than 40 hours per week but does not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

25. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff is a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

26. Defendant's refusal to properly compensate Plaintiff as required by the FLSA is a willful violation.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages.  Plaintiff is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT II

### (OMFWSA - Failure to Pay Overtime)

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. This claim is brought under Ohio law.

30. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was and is a violation of Section 4111.03 of the Ohio Revised Code.

31. For Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT III

### (R.C. 4113.15 – Failure to Tender Pay by Regular Payday)

32. All of the preceding paragraphs are realleged as if fully rewritten herein.

33. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of the performance of compensable work.

34. Defendant failed and continues to fail to make proper wage payments to Plaintiff for all hours worked.

35. The wages owed to Plaintiff are not in dispute.

36. By failing to make the wage payments within 30 days of when such payments are due, Defendant is violating R.C. 4113.15.

37. Plaintiff is entitled to statutory damages of not less than $200 for each pay period she was not timely paid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and Ohio law;

B. An award of monetary damages, including unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

C. An award of statutory and/or liquidated damages and/or treble damages as a result of Defendant's violations;

D. An award of prejudgment and post judgment interest;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Rebecca L. Hill (0100972)
(*Rebecca@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*
Greg R. Mansell (0085197)