# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RENELDA JAMES-MASON,**

      **Plaintiff,**

  v.

**ALLEGHENY WEST CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS,**

      **Defendant.**

:

:

:

Case No. 2:22-cv-2670
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Renelda James-Mason filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act ("OMWFSA"), and Ohio Prompt Pay Act ("OPPA"). (ECF No. 1.) During a February 2, 2023 Court-facilitated mediation, the parties resolved all claims, agreeing to an amount of damages payable to Ms. James-Mason—but agreeing that the Court would determine the amount of reasonable attorneys' fees. (*See* Mot., ECF No. 13, PAGEID # 65.)

Ms. James-Mason now presents the Court with a Motion for an Award of Attorneys' Fees and Costs. (Mot.) Allegheny West Conference ("AWC") opposes the request, challenging the reasonableness of several categories of work performed and of the fees incurred in pursuit of OPPA claims. (Resp., ECF No. 16.) At the conclusion of briefing, Ms. James-Mason requests $ 16,540.00 in attorneys' fees and

$ 416.03 in costs and expenses. (Reply, ECF No. 17, PAGEID # 162.) For the reasons that follow, Ms. James-Mason's Motion is **GRANTED**.

**I. ATTORNEY FEES**

Ms. James-Mason seeks fees for the services of two attorneys—Greg Mansell and Rebecca Hill, both of Mansell Law LLC. Attorneys Mansell and Hill aided Ms. James-Mason in pursuit of her claims, including those brought under the FLSA. FLSA § 216(b) provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). "It is long established that an award of attorney fees under § 216(b) is mandatory but the amount awarded"—*e.g.*, what is *reasonable*— "is within the discretion of the district court." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984). A fee is reasonable if it is "adequately compensatory to attract competent counsel" but "avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (internal quotations and emphasis omitted).

The reasonableness inquiry begins with the "lodestar," or "the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004). Once determined, a "court may then adjust the lodestar figure to reflect case-specific considerations, the most important of which is the degree of success that the attorney obtained." *Kritcher v. Prudential Security, Inc.*, 799 F. App'x 376, 379 (6th Cir. 2020).

Ms. James-Mason seeks attorneys' fees using the lodestar approach. The Court begins with an analysis of the proposed hourly rate before turning to the reasonableness of the number of hours claimed.

### A. The hourly rates charged by Attorneys Mansell and Hill are reasonable.

In deriving a reasonable hourly rate, "the appropriate rate is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011) (internal quotations and alterations omitted). The Sixth Circuit defines the market rate as "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter*, 510 F.3d at 618. The movant bears the burden to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

Attorney Mansell seeks an hourly rate of $ 450. (Mot., PAGEID # 68.) He has been in practice for fourteen years and focuses on employment litigation. (Mansell Decl., ECF No. 13-1, ¶¶ 2, 4.) Attorney Hill, a second-year associate at Mansell Law, seeks an hourly rate of $ 250.[1] (*Id.*, ¶ 23.) Ms. James-Mason offers citations to cases

---

[1] Mansell Law also has a fourth-year associate who bills at a rate of $300 per hour and performed work on this case. (Mansell Decl., ¶ 23.) However, Ms. James-Mason does not seek payment for any of the fees charged by this associate. (Mot., PAGEID # 71.)

3

awarding similar fees in similar contexts (*see* Mot., PAGEID # 68), and the Declaration of Rachel Sabo Freidmann (another Columbus attorney specializing in employment litigation) opining that the rates are reasonable. (Sabo Friedmann Decl., ECF No. 13-2, ¶¶ 2, 3, 9.) AWC does not object to the above-quoted rates.

Consequently, the Court concludes that the requested rates are reasonable and in line with prevailing local rates for attorneys with comparable skill and experience.

> B. **The hours expended by Attorneys Mansell and Hill are also reasonable.**

Ms. James-Mason seeks fees for a total of 42.8 attorney hours – 29.2 hours for Attorney Mansell and 13.6 hours for Attorney Hill. (Mot., PAGEID # 71; Reply, PAGEID # 162.) AWC argues that this request is excessive. (Resp., *generally*.) Specifically, AWC asserts that it admitted liability for the alleged violations early-on, and that the case could have resolved without the need for mediation or briefing. (*Id.*, PAGEID # 132–33.) AWC further contends that some of the work billed was clerical or duplicative. (*Id.*, PAGEID # 131.)

> When determining the hours reasonably expended, the question is not
>
> whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge v. Marlene Indus.*, 898 F.2d 1169, 1177 (6th Cir. 1990) abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). While a district court should exclude "hours that

4

were not 'reasonably expended'" from an attorney's fee application, "[t]here is no precise rule or formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 436 (1983). Nonetheless, courts within the Sixth Circuit are guided by evaluation of six factors:

> (1) the value of the benefits rendered to the [plaintiff]; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

Here, each *Ramey* factor weighs in favor of granting the requested fee:

- *The value of the benefits rendered to the plaintiff.* Ms. James-Mason will receive approximately 100% of the wages and overtime owed to her and 100% of her liquidated damages. (Mot., PAGEID # 72.)

- *Society's stake in rewarding attorneys who produce such benefits.* This Court has recognized that "society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters." *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (Black, J.).

    Ms. James-Mason also brought— and later settled—an OPPA claim. (*See* ECF No. 1, ¶¶ 32–37.) AWC argues that fees are not recoverable for work performed in furtherance of that claim because the OPPA "does not expressly provide for attorneys' fees[.]" (Resp., PAGEID # 129 (*citing Smith v. Bonds*, No. 91-818-CIV-5-D, 1993 WL 556781, at *6–7 (E.D. N.C. Sept. 28, 1993).) While it is true that the OPPA is silent on the issue of attorneys' fees, *see* Ohio Rev. Code § 4113.15, the Court notes that AWC cites only one (decades old, unreported, and out-of-Circuit) case in support. Nevertheless, "where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (quoting *Hensley*, 461 U.S. at 435) (holding that the district court did not abuse its discretion in declining to reduce a fee award based on

5

plaintiff's failure to prevail on all claims asserted). The Court finds that Ms. James-Mason's claims in this case involve common facts and related legal theories, such that it will not discount counsel's fees because some work was done on the OPPA claim.

- *Whether the services were undertaken on a contingent fee basis.* Mansell Law represented Ms. James-Mason on contingency. (Mot., PAGEID # 72.)

- *The value of the services on an hourly basis.* Attorney Sabo Friedmann opines that the hours spent on this case were reasonable. (Sabo Friedmann Decl., ¶¶ 9-10.) AWC argues that 0.6 hours of Attorney Mansell's time is excludable because it pertains to work with his fourth-year associate, whose work on this case was not billed. (Resp., PAGEID # 131–32.) The Court disagrees and finds the time (which was spent preparing for mediation) properly billed. AWC argues that another 1.6 hours of the time billed was clerical and not properly billed as "attorney" time. (*Id.*, PAGEID # 131.) The Court disagrees and finds such time, as described in the billing records, to be well within an attorney's responsibility and obligations to his or her client.

- *The complexity of the litigation.* This case presented straightforward legal issues involving one plaintiff and one defendant. The amount of paper discovery completed was reasonable. Although AWC takes issue with the fees related to written discovery requests (*id.*, PAGEID # 126), Ms. James-Mason's counsel billed only two hours on those requests—most of which, by Attorney Hill (*see* ECF No. 13-1, PAGEID # 86–87). No depositions were taken, and the parties proceeded with mediation.

- *The professional skill and standing of counsel on both sides.* The declarations of Attorney Mansell and Attorney Sabo Friedmann indicate that Ms. James-Mason's counsel are very experienced in FLSA cases. (*See* Mansell Decl., ¶¶ 5–6; Sabo Friedmann Decl., ¶ 5.) The Court is familiar with Attorney Mansell, and it concurs.

Based upon the above, the Court concludes that the number of hours for which Ms. James-Mason seeks payment is reasonable and **GRANTS** Ms. James-Mason's motion for attorneys' fees in the amount of $ 16,540.00.

## II. COSTS

Ms. James-Mason also seeks reimbursement of costs expended by counsel in prosecution of this action. *See* 29 U.S.C. § 216(b). Ms. James-Mason seeks $ 416.03

6

in out-of-pocket costs and expenses related to the suit. (*See* Mansell Decl., 29.) AWC does not object to the amount or nature of the claims expenses. The Court deems the request to be reasonable. Accordingly, the Court **GRANTS** Ms. James-Mason's motion for $ 416.03 in costs and expenses.

### III. CONCLUSION

Ms. James-Mason's Motion for an Award of Attorneys' Fees and Costs (ECF No. 13) is **GRANTED**. Her counsel is **AWARDED** $ 16,540.00 in fees and $ 416.03 in costs and expenses.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**